IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORRIS HOLENDER<br><br>Plaintiff<br><br>vs.<br><br>MUTUAL INDUSTRIES NORTH, INC.<br><br>Defendant | CIVIL ACTION<br><br><br><br>NO. 05-cv-5956 (RBS) |

**ORDER**

AND NOW, this ____ day of ________________, 2006, upon consideration of defendant Mutual Industries North, Inc.'s Motion to Dismiss Plaintiff's Complaint (Docket No. 10), together with plaintiff's response, if any, it is hereby ORDERED that defendant's motion is GRANTED and plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction.

______________________________
U.S.D.J.

srl\mutual industries\holender\pleadings\motiontodismiss.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORRIS HOLENDER<br><br>Plaintiff<br><br>vs.<br><br>MUTUAL INDUSTRIES NORTH, INC.<br><br>Defendant | CIVIL ACTION<br><br><br><br>NO. 05-cv-5956 (RBS) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P.12(h)(3)**

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, defendant Mutual Industries North, Inc. hereby moves the Court to enter an order dismissing this matter for lack of subject matter jurisdiction. Plaintiff Holender did not file a "charge" with the Equal Employment Opportunity Commission ("EEOC"), which is a pre-requisite to filing suit in this Court under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(d).

In support of this motion, defendant relies upon the accompanying Memorandum of Law and exhibits filed herewith.

Date: July 7, 2006

*/s/ Theodore E. Lorenz (TEL5114)*
CARY L. FLITTER
THEODORE E. LORENZ

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 668-0770

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORRIS HOLENDER<br>Plaintiff<br><br>vs.<br><br>MUTUAL INDUSTRIES NORTH, INC.<br>Defendant | CIVIL ACTION<br><br><br><br>NO. 05-cv-5956 (RBS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(h)(3)**

Defendant Mutual Industries North, Inc., by its undersigned attorneys, submits this memorandum of law in support of its motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(h)(3). Plaintiff has failed to exhaust his administrative remedies prior to filing this action under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 626. Consequently, the Court lacks jurisdiction and plaintiff's complaint should be dismissed.

## I. INTRODUCTION AND FACTUAL BACKGROUND

The gravamen of plaintiff's complaint, attached hereto as Exhibit "A", is that defendant violated the ADEA by not hiring him as a customer service representative.[1] (Exh. A, Complaint, ¶1). Plaintiff does not allege that defendant ever directly asked his age, but only what year he graduated high school. (Exh. A, Complaint, ¶16).

Plaintiff, who is 59 years old, states in his complaint that he interviewed with defendant for a position as a customer service representative in July, 2005. (Exh. A, Complaint, ¶14). The interview was conducted by Edmund Dunn, the President of Mutual.

On or about August 23, 2005, plaintiff submitted a charge form to the Philadelphia office of the EEOC, a copy of which is attached hereto as Exhibit "B". On October 19, 2005, the

[1] Although not relevant to this Motion, defendant denies liability and asserts that it did not hire plaintiff because he was less qualified than other applicants.

EEOC sent plaintiff's then attorney a letter requesting additional information about plaintiff's "inquiry" regarding allegations of age discrimination. A copy of the October 19 letter is attached hereto as Exhibit "C". The letter stated that "before the EEOC can formally docket this matter as a charge," the plaintiff was to complete several questionnaires. The EEOC stated that this information was necessary for the EEOC to determine whether plaintiff's "inquiry should be formalized as a charge." See, Exhibit "C". (emphasis added). Plaintiff has not demonstrated that he provided the EEOC with any of the requested information in order for the EEOC to deem plaintiff's inquiry "a charge," nor provided a right to sue letter, nor any evidence that a charge was filed.

The ADEA requires plaintiff to exhaust his administrative remedies, and plaintiff failed to do so. 29 U.S.C. §626(d). Accordingly, this court lacks subject matter jurisdiction over this dispute, and plaintiff's complaint should be dismissed.

## II. LEGAL STANDARD

A court must dismiss an action if, at any time during the litigation, it appears that the court lacks jurisdiction over the subject matter. Fed.R.Civ.P. 12(h)(3). "The objection that a federal court lacks subject-matter jurisdiction … may be raised by a party … at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1240 (2006).

In contrast to a motion to dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6), if a motion to dismiss for lack of subject matter jurisdiction disputes the existence in fact of subject matter jurisdiction, the plaintiff bears the burden to establish jurisdiction and there is no presumption of truthfulness as to the allegations contained in the complaint. Mortensen v. First

Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d. Cir. 1977).[2] Accord, George v. Northwest Airlines, Inc., 2004 WL 414062, 2 (E.D.Pa. 2004). The existence of disputed material facts does not preclude the trial court from considering the merits of jurisdictional claims. Mortensen, 549 F.2d at 891. The plaintiff bears the burden of proving that subject matter jurisdiction does in fact exist. Id. Here, Plaintiff Holender has not met his burden to prove that subject matter jurisdiction exists, and his complaint should be dismissed.

## III. ARGUMENT

The ADEA provides that a plaintiff must file a written charge alleging unlawful discrimination with the EEOC at least sixty (60) days before commencing a civil action for age discrimination. 29 U.S.C. § 626(d) (1982) provides:

> "(d) Filing of charge with Commission; timeliness; conciliation; conference, and persuasion
>
> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed –
>
> (1) within 180 days after the alleged unlawful practice occurred; or
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."

29 U.S.C. § 626(d). The mere existence of a writing does not satisfy the ADEA's requirement of a "charge." Michelson v. Exxon Research & Eng'g Co., 808 F.2d 1005, 1010 (3d. Cir. 1987).

---

[2] Although most motions to dismiss for lack of subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1), it does not appear that defendant may file a motion under this Rule because a responsive pleading has already been filed. However, the legal standard for a motion to dismiss under Fed.R.Civ.P. 12(h)(3) is the same.

The "charge" must be written notice "of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the [ADEA's] machinery." Bihler v. Singer Co., 710 F.2d 96, 99 (3d. Cir. 1983). This court has held that "intake questionnaires or other communications do not constitute a charge where the EEOC advises the grievant that he will need to provide further information and get back in touch with the agency to complete a formal charge and commence an investigation." Gulezian v. Drexel Univ., 1999 WL 153720 *3 (E.D.Pa. 1999). See also, Michelson at 1010-11 (writing alleging age discrimination did not constitute a charge where EEOC advised claimant to get back in touch with the agency because more information was needed). Compare, Rabzak v. County of Berks, 815 F.2d 17 (3d Cir. 1987) (letter sent by pro se plaintiff to EEOC held to be sufficient where EEOC did not ask for additional information). If a plaintiff fails to file a charge with the EEOC before bringing an action under the ADEA, the court must dismiss the claim. See, Bihler 710 F.2d at 98.

In this instant matter, the EEOC's October 19, 2005, letter to plaintiff's attorney advised that plaintiff's prior correspondence did not constitute a charge. The letter stated, in part:

> "*[B]efore the EEOC can formally docket this matter as a charge* and begin its investigatory and/or mediation process, certain additional/supporting information from you/your client is required … On receipt of the completed questionnaires (or equivalent information), the EEOC will review your response *to determine whether or not this inquiry should be formalized as a charge*." (emphasis added)

See, Exhibit "D" hereto. Additionally, as the Court of Appeals in Michelson held, if the EEOC advises a claimant to contact the agency with more information regarding a claim, the claimant's initial communication does not constitute a charge. Id., 808 F.2d at 1010-11. Because the EEOC specifically requested more information from plaintiff before docketing the statutorily mandated "charge," which Holender failed to provide, plaintiff did not satisfy the ADEA's requirement that a "charge" be filed.

The charge requirement of the ADEA serves a dual purpose. Bihler at 99. First, it puts the employer on notice that a complaint has been filed against it, allowing it the opportunity to investigating promptly or remedy the situation. Id. Second, it affords the EEOC the opportunity to eliminate or remedy the alleged unlawful practice through conciliation. Id. In this case, plaintiff's failure or refusal to provide the EEOC with further information about his claim prevented either purpose of the charge requirement from being fulfilled.

Since plaintiff's "inquiry" did not constitute a charge and he did not provide the EEOC with the additional information it requested, plaintiff failed to exhaust his administrative remedies prior to filing suit in this matter as the ADEA requires. Accordingly, this Court lacks subject matter jurisdiction and matter must be dismissed pursuant to Fed.R.Civ.P. 12(h)(3).

## III. CONCLUSION

For the reasons set forth herein, defendant Mutual Industries North, Inc. respectfully requests that this Court enter an Order dismissing plaintiff's complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Date: July 7, 2006

*/s/ Theodore E. Lorenz(TEL 5114)*
CARY L. FLITTER
THEODORE E. LORENZ

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 668-0770

Attorneys for Defendant

# *EXHIBIT "A"*

RBS RBS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MORRIS HOLENDER<br>3452 Kirkwood Road<br>Philadelphia, PA 19114<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL INDUSTRIES NORTH INC.<br>707 W. Grange Avenue<br>Philadelphia, PA 19120<br><br>Defendant. | CIVIL ACTION<br><br>No. 05 5956<br><br>JURY TRIAL DEMANDED |

**CIVIL ACTION COMPLAINT**

Plaintiff Morris Holender hereby complains as follows against the above-named Defendants:

**I. Introduction**

1. Plaintiff has initiated the instant action to redress age discrimination by Defendants in violation of the Age Discrimination in Employment Act (ADEA) and other applicable federal and state law. Plaintiff asserts that Mutual Industries North Inc., (hereinafter "Defendant") unlawfully failed to hire him solely because of his age.

**II. Jurisdiction and Venue**

2. The instant action is initiated pursuant to Title VII of the Civil Rights Act of 1964 and other applicable federal and state law. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

FILED NOV 14 2005

3. The United States District Court for the Eastern District of Pennsylvania may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## III. <u>Parties</u>

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff Morris Holender (hereinafter "Plaintiff" unless otherwise noted) is an adult individual and citizen of the United States with an address as set forth above.

7. Defendant is a Pennsylvania corporation with an office at the above-captioned address. Defendant is engaged in the business of developing and manufacturing specialized fabric tapes.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, including but not limited to one Edmund Dunn, who was acting in the course and scope of his employment at all times relevant herein.

9. Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act because it is engaged in an industry affecting commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year(s).

## IV. Procedural and Administrative Requirements

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Age Discrimination in Employment Act as follows:

a. On or about August 24, 2005 Plaintiff filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission alleging age discrimination;

b. The instant action is timely because it is initiated at least sixty (60) days after the filing of Plaintiff's administrative charge as required by the ADEA;

c. Plaintiff has exhausted his federal administrative remedies as to the allegations of the instant Complaint.

## V. Factual Background

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 59-year-old male.

14. On or about July 10, 2005, Plaintiff interviewed for a position as a customer service representative with Defendant.

15. Plaintiff interviewed with one Edmund Dunn, a supervisory agent of Defendant.

16. During Plaintiff's interview, Dunn specifically said to Plaintiff, "I am not allowed to ask these questions under law, but if I were to ask you these questions, but remember that I am not allowed to ask you, . . . what year did you graduate from high school?"

17. Plaintiff new immediately that Dunn was specifically attempting to obtain his age.

18. Plaintiff, very interested in obtaining the job, reluctantly told Defendant that he graduated from high school in 1965.

19. Plaintiff was told that Defendant was looking to fill the position he was seeking very soon and that he would be contacted after his references were checked.

20. Plaintiff's references were never checked, and Plaintiff was not contacted at all following his interview with Defendant.

21. As a direct and proximate cause of Defendant's failure to hire Plaintiff solely because of his age, he has and continues to suffer damages including but not limited to, past lost earnings, future lost earnings, and lost benefits.

**Count I**
**<u>Violations of the Age Discrimination in Employment Act</u>**

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. Plaintiff was qualified for the position that he sought but was not hired.

24. Upon information and belief, Defendant intentionally sought out and hired a younger employee to fill the position that Plaintiff interviewed for.

25. Upon information and belief, Plaintiff was not hired specifically because of his age and/or age was a motivating factor in him not being hired.

26. Plaintiff is over the age of 40 and therefore within the class of persons protected by the Age Discrimination in Employment Act (ADEA).

27. Defendants fired Plaintiff, harassed Plaintiff, compensated and/or treated him in a manner that differed from that in which younger employees were compensated and/or treated, and subjected him to other adverse employment actions because of his age.

28. As a direct and proximate result of the foregoing discrimination, Plaintiff suffered the damages set forth herein.

29. Defendants' violations of the ADEA were willful.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

**<u>*AD DAMNUM* CLAUSE / PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays that the Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating against or retaliating against Plaintiff on the basis of his age, or any other basis forbidden by the Age Discrimination in Employment Act and other applicable federal and state law;

B. Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom discriminating against, retaliating against or refusing to hire employees based on their age, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay

increases, bonuses, commissions, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

D. Plaintiff is to be awarded liquidated damages pursuant to 29 U.S.C. § 626(b) of the ADEA;

E. Plaintiff is to be accorded any and all other equitable and legal relief the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law, as mandated by the decision of the Third Circuit Court of Appeals in *Gagliardo v. Connaught Laboratories*, 311 F.3d 565, 570-71 (3d Cir. 2002);

H. The Court will maintain jurisdiction over the instant action to ensure Defendants' compliance with its Orders therein;

I. The Court will grant such additional legal and/or equitable relief as it deems necessary, just, and/or appropriate;

J. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: /s/Ari R. Karpf

Ari R. Karpf, Esquire
Attorney for Plaintiff
225 North Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

November 7, 2005

**Morris Holender**

Ref - 215 886-3106 (C.P.A) Darell Elkis accountant

3452 Kirkwood Road
Philadelphia, PA
19114
(215) 708-2266

***Summary of Qualifications:*** Autonomous work ethic with expert trouble-shooting and problem-solving skills. Computer literacy, a high level of organizational skills and extensive experience in interacting with and supervising people in all walks of life and environments. High level of maturity and responsibility, fast learner, focused and team player with strong communication skills.

***Employment History:***

9/92 - 7/05 M E H, Inc. - Electronic Distributor
Willow Grove, PA
Inventory Control / Warehouse Operations Supervisor

Responsible for the purchasing and inventory control and scheduling of (20) different product lines and the expediting of merchandise. Accountable for shipping and receiving of all material using UPS, RPS (computer manifest systems), and common carriers; also the data entry of invoicing and billing information of all merchandise received and shipped daily.

2/85 - 5/92 Concord Heating and Cooling - Heating & Air Conditioning Contractor
Philadelphia, PA
Service Department Manager

Responsible for the day-to-day operations of the service department which employed 5 service mechanics, including the planning and scheduling of service calls and preventive maintenance for the electricians, steam fitters, plumbers, pneumatics mechanics, and refrigeration mechanics also the purchasing of materials for service calls. Responsible for service trucks inventory and maintenance.

12/79 - 2/85 S. I. Guttman - Mechanical Contractor, Plumbing & Heating
Philadelphia, PA
Plant Manager

Responsible for the warehouse, purchasing, inventory control, and delivery of all materials to construction sites. Maintained stock inventory for a fleet 6 service trucks.

***Education:***

Certificates CompUSA, Philadelphia, PA
Windows XP, Word , Excel and Access software
Philadelphia Community College,
Business Management, Inventory Control & Operations Management

Diploma Abraham Lincoln High School, Philadelphia, PA

United States District Court
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Clerk's Office*
*Room 2609*
*Telephone*
(215)597-7704

*Michael E. Kunz*
*Clerk of Court*

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. If you decide to consent, **your case will receive a date certain for trial**.

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2 , Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

# *EXHIBIT "B"*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☒ EEOC

CHARGE NUMBER

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

| | |
|---|---|
| NAME *(Indicate Mr., Ms., Mrs.)* Mr. Morris Holender | HOME TELEPHONE *(Include Area Code)* 215-708-2266 |
| STREET ADDRESS 9321 Vandike Street, CITY, STATE AND ZIP CODE Philadelphia, PA 19114 | DATE OF BIRTH 07 / 15 / 46 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| | | |
|---|---|---|
| NAME Mutual Industries, Inc. | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE *(Include Area Code)* 215-927-6000 |
| STREET ADDRESS 707 W. Grange Avenue, CITY, STATE AND ZIP CODE Philadelphia, PA 19120 | | COUNTY |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS CITY, STATE AND ZIP CODE | | COUNTY |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*Earliest* / / *Latest* / /
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

Please see attached.

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
Morris Holender

Date 8/23/05 Morris Holender
Charging Party

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year)

# EEOC COMPLAINT OF MORRIS HOLENDER

I, Morris Holender, do hereby bring this EEOC Complaint against Mutual Industries, located at 707 W. Grange Avenue, Philadelphia, PA 19120. I am bringing the instant complaint for age discrimination.

On or about Wednesday, July 10, 2005, I interviewed for a position as a customer service representative. I interviewed with one Edmund Dunn. During the course of the interview, he expressly stated, "I am not allowed to ask these questions under law, but if I were to ask you these questions, but remember that I am not allowed to ask you, . . . what year did you graduate from high school"? I knew that Mr. Dunn was specifically seeking information about my current age. Feeling uncomfortable and attempting to obtain the job, I reluctantly informed Mr. Dunn that I graduated high school in 1965.

I was told the company was looking to fill the position immediately and that I would be contacted as soon as my reference was checked. Mr. Dunn never contacted my specified reference, and moreover, never contacted me following my interview. Mr. Dunn also specifically told me that I meet all of the position qualifications, yet I was still not contacted. I am currently 59 years old and believe that I was not hired specifically because of my age.

It is my further opinion that Mr. Dunn has made similar age inquiries and selectively not hired other prospective job applicants solely because of their age. I am therefore filing the instant charge on behalf of all persons similarly situated.

Morris Holender

Morris Holender

# *EXHIBIT "C"*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515
215-440-2600
FAX 215-440-2604
TTY 215-440-2610

Karin D. Porter
215-440-2655
stanford.lamb@eeoc.gov

October 19, 2005

Our Reference: Inquiry Number 170-2005-03658
Morris Holender v. Mutual Industries, Inc.

Timothy M. Kolman, Esquire
Law Offices
225 Flowers Mill Rd
Langhorne, PA 19047

Dear Attorney:

Your correspondence/charge on behalf of your client concerning a potential charge of employment discrimination has been received by this office of the U. S. Equal Employment Opportunity Commission ("EEOC") and assigned the above-referenced inquiry number. The EEOC enforces laws prohibiting discrimination in employment on the basis of race, color, sex, religion, national origin, age (40 and above), and/or disability. The information you have provided indicates that the matter complained of may be covered by one or more of those laws. However, before the EEOC can formally docket this matter as a charge and begin its investigatory and/or mediation process, certain additional/supporting information from you/your client is required.

In order to assist you in providing the necessary information, I am enclosing the following questionnaires: **Charge Information, Selection, Discipline, Witness and Remedy.** Also provide complete address where the Charging Party worked. Please complete or have your client complete those questionnaires in detail (using additional pages and/or attaching *copies* of relevant documents as appropriate) and return them to my attention to the address shown above.

On receipt of the completed questionnaires (or equivalent information), the EEOC will review your response to determine whether or not this inquiry should be formalized as a charge. The EEOC will advise you of that decision and of what additional steps (if any) you/your client must take in order to complete this part of the EEOC's processing.

If the Respondent named in this matter is located within the Commonwealth of Pennsylvania and the most recent date of violation is arguably within 180 days of the date we received your initial correspondence, your client may also have state rights under the law administered by the Pennsylvania Human Relations Commission ("PHRC"). If you have not previously submitted in conjunction with this matter and if otherwise applicable, your client must complete the enclosed "Request to Dual File" regarding his/her interest in preserving his/her rights under that law. The PHRC will contact you/your client with respect to its procedures.

In addition, enclosed is information about an attorney workshop which this office provides every other month at the EEOC office. You are encouraged to attend one of these free workshops if you wish more detailed guidance concerning intake procedures and/or more information about EEOC procedures in general. To make a reservation to attend one of these workshops, please contact Joan Gmitter, Charge Receipt Supervisor, at (215) 440-2603.

It is our objective to speed up the intake process, especially for matters referred to this office by attorneys on behalf of their clients. To do so requires your cooperation as the ideal is for you to forward both a signed charge and all necessary supporting information at the same time. Should you do so, there would be no delays caused by the need for exchanges of correspondence just to complete the intake processing.

Finally, please note that if the completed questionnaires or equivalent information are not returned (addressed to my attention) within 33 days of the date of this letter or there has been no contact to discuss the need for further clarification during that period, the EEOC will remove this inquiry from active status and transfer it to the inactive inquiry file. While such action does not constitute a formal and final dismissal of this matter, it does mean that until such time as all intake requirements are met that this office will not do any further processing for this matter.

If you have any questions, I may be reached as shown above.

Sincerely,

Karin D. Porter
Federal Investigator

Enclosures
Intake Questionnaire(s)
PHRC "Request to Dual-File" Form (if applicable)
Information concerning Attorney Workshops

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORRIS HOLENDER<br><br>Plaintiff<br><br>vs.<br><br>MUTUAL INDUSTRIES NORTH, INC.<br><br>Defendant | CIVIL ACTION<br><br>NO. 05-cv-5956 (RBS) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2006, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Said document is available for viewing and downloading from the ECF system.

A copy will also be sent by first class mail to:

Ari Karpf, Esquire
Karpf, Karpf & Virant
3070 Bristol Pike
Building 1, Suite 102
Bensalem, PA 19020
**Attorney for Plaintiff**

Date: 7/7/06

*/s/ Theodore E. Lorenz*
THEODORE E. LORENZ